AO 91 (Rev. 08/09) Criminal Complaint

FILED BY ____ D.C.

JAN 10 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>FREDDIE MURILLO,<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 20-8013-DLB<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 7, 2020__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Illegal re-entry after deportation |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Andy Korzen, Task Force Officer, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 1-10-2020

_____
Judge's signature

City and state: West Palm Beach, FL

Dave Lee Brannon, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT OF ANDY KORZEN
## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION AND CUSTOMS ENFORCEMENT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Task Force Officer (TFO) with Homeland Security Investigations (HSI), and am also Deportation Officer with Immigration and Customs Enforcement, and have been so employed for over sixteen years. I am currently assigned to the HSI, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Freddie MURILLO committed the offense of illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a).

3. On or about January 7, 2020, Freddie MURILLO was arrested in Palm Beach County, Florida for failure to appear for arraignment on a misdemeanor charge of no driver's license. He was booked and detained at the Palm Beach County Jail. Upon booking, his fingerprints were entered into the IAFIS system with a positive match for an individual previously removed from United States, that is Freddie MURILLO.

4. A review of the immigration alien file shows that Freddie MURILLO is a native and citizen of Honduras. Records further show that on or about June 3, 2009, immigration judge granted voluntary departure. On or about August 18, 2009, Freddie MURILLO was removed from the United States and returned to Honduras.

5. Thereafter, Freddie MURILLO re-entered into the United States illegally and on or about April 20, 2010 was ordered removed. The Order of Removal was executed on or about April 30, 2010, whereby Freddie MURILLO was removed from the United States and returned to Honduras.

6. I scanned Freddie MURILLO's fingerprints taken in connection with his January 7, 2020 arrest in Palm Beach County into the IAFIS system. Results confirmed that scanned fingerprints belong to the individual who was previously removed from the United States, that is Freddie MURILLO.

7. I performed a record check in the Computer Linked Application Informational Management System to determine if Freddie MURILLO filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Freddie MURILLO obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

8. Based on the foregoing, I submit that probable cause exists to believe that, on or about January 7, 2020, Freddie MURILLO , an alien who has previously been deported and removed from the United States, was found in the

United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

Andy Korzen
Task Force Officer
Homeland Security Investigations

Subscribed and sworn to before me this **10th** day of January 2020.

DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: FREDDIE MURILLO

Case No: 20-8013-DLB

Count #: 1

   Illegal re-entry after removal

   Title 8 U.S.C. § 1326(a)

\* **Max.Penalty**: up to 2 years of imprisonment; 1 year of supervised release; a $250,000 fine, and a mandatory $100 special assessment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-8013-DLB

UNITED STATES OF AMERICA

vs.

FREDDIE MURILLO,
          Defendant,
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? Yes ___ No  X

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? Yes ___ No  X

                          Respectfully submitted,

                          ARIANA FAJARDO ORSHAN
                          UNITED STATES ATTORNEY

BY: _____
     Susan R. Osborne
     Assistant United States Attorney
     Court No. A5500797
     500 South Australian Ave, Suite 400
     West Palm Beach, Florida 33401
     TEL (561) 209-1003